IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RIKEA FARROW,

    Plaintiff,

        v.

CULINART,

    Defendant.

18cv219
ELECTRONICALLY FILED

**MEMORANDUM ORDER REMANDING CASE TO STATE COURT**

On February 21, 2018, Defendant, CulinArt, Inc., removed this case from the Court of Common Pleas of Allegheny County, where it was originally filed by Plaintiff Rikea Farrow, *pro se*, on January 30, 2018. Doc. No. 1. CulinArt then quickly moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, arguing that Plaintiff failed to exhaust her administrative remedies, and also moved to dismiss Plaintiff's breach of contract claim, arguing that Plaintiff failed to identify the existence of a contract between Plaintiff and Defendant. Doc. No. 5 and Doc. No. 6. In response, Plaintiff submitted a Motion to Amend her Complaint. Doc. No. 7.

The Court has carefully reviewed Defendant's Motion to Dismiss and brief in support, doc. no. 5 and doc. no. 6, and Plaintiff's original Complaint, doc. no. 1-2, and her proposed Amended Complaint, doc. no. 7. The Court has also reviewed Defendant's Brief in Opposition to Plaintiff's Motion to Amend, doc. no. 9. For the following reasons, the Court will deny all pending motions as moot and remand this case to state court.

I.     **Legal Standards**

When reviewing Plaintiff's filings, the Court has liberally construed them to determine the claims set forth therein because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

Rule 12(h)(3) commands "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction, in this case the Defendant, bears the burden of showing at all stages of the litigation that the case is properly before the federal court. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The obligation of a federal court to examine its jurisdiction over an action is appropriate in cases that have been removed from state court, even if the plaintiff has not challenged the removal. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).

II.    **Analysis**

In its Notice of Removal, Defendant CulinArt asserts that the Plaintiff's claims "appear to arise under Title VII of the Civil Rights Act of 1964[.]" Doc. No. 1. However, the Court's review of the Complaint Plaintiff originally filed in the Court of Common Pleas of Allegheny County, doc. no. 1-2, revealed the following basic allegations:

- that Plaintiff was complaining about the late payment and underpayment of her wages;
- that Plaintiff asserts that a union contract set her pay rate;

- that Plaintiff was retaliated against and removed from the work schedule after complaining about the late payment of her wages; and
- that CulinArt is a "joint employer" based upon the definition set forth in cases construing that term under Title VII.

Doc. No. 1-2.

Plaintiff's proposed amended complaint, filed at doc. no. 7 in conjunction with her motion for leave to amend her complaint, added additional defendants, set forth the same claims in greater detail, and added information to assert a contract right to a one-year term of employment and allegations of intentional infliction of emotional distress, but otherwise did not change the basic substance of the original complaint.

None of the claims asserted by Plaintiff in her original complaint or in her proposed amended complaint arise under federal law. Plaintiff's claim for wages falls under Pennsylvania's Wage Payment and Collection Law, 43 P.S. 260.1. Her breach of contract claim(s) are state law claims. And her claim for retaliatory termination may fall under one of Pennsylvania's public policy exceptions to the at-will employment doctrine. This federal district court has no basis for jurisdiction over any of Plaintiff's claims.

### III. Conclusion

The Court finds that removal of this action was improper and that the Court lacks subject matter jurisdiction. Accordingly, this action is REMANDED to the Court of Common Pleas of Allegheny County. All pending motions are DENIED AS MOOT.

SO ORDERED, this 20th day of March, 2018,

s/Arthur J. Schwab\_\_\_\_\_
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record

       RIKEA FARROW
       1320 Halsey Place
       Pittsburgh, PA 15212